UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JOSEPH RICHARDSON, CDCR #D-11329,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, DR. E. ESTOCK and DR. QUANG VO,<br>                                    Defendants. | Case No.:  25cv3416-JES-LR<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2)  DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff Wayne Joseph Richardson, a state inmate proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1-2. He alleges medical malpractice for being incorrectly diagnosed with and treated for Lupus for more than thirteen years. ECF No. 1 at 2.

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP.

*See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. ECF No. 2 at 6. The document shows he had an average monthly balance of $75.47 and average monthly deposits of $250.00, with an available balance of $22.75. *Id*. The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $50.00. However, *this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered.")

25cv3416-JES-LR

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

    **A.    Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

    **B.    Allegations in the Complaint**

Plaintiff alleges that in July 2011, while incarcerated at Centinela State Prison in Imperial, California, he was called into the office of his personal care physician Defendant Dr. Estock, who was at that time attempting after numerous blood tests to determine the cause of Plaintiff's chronic pain. ECF No. 1 at 2. Dr. Estock informed Plaintiff that he had

25cv3416-JES-LR

tested positive for Systemic Lupis Erythematosis and showed Plaintiff a medical journal article titled "Eleven Clinical Criteria of Lupus in Males." *Id*. Defendant Dr. Vo  conferred with Dr. Estock during a subsequent teleconference and concurred with the diagnosis. *Id*. Plaintiff began receiving treatments for the next thirteen and one-half years during which he was medicated with a variety of immunosuppressors. *Id*. He was housed at Centinela near his mother at that time, but in March 2013 he was transferred to Mule Creek State Prison 600 miles away and never saw his mother again. *Id*.

While housed at Mule Creek from March 2013 to July 2022, Plaintiff "was subjected to 'experimentation' with several drugs that suppressed my immune system, turning me into a 'paranoid germaphobe.'" *Id*. During that time, despite taking "blood tests too numerous to put a number on, . . . not once did any of the M.D.s actually think to check on the progression of the disease itself, until Aug. (approx.) 2024." *Id*. Plaintiff alleges he was denied access to vocational welding and heating/air conditioning programs during that time because the immunosuppressors made it dangerous for him to be injured, as an infection could be deadly and "liability was an issue." *Id*. One of the medications, Plaqenil, had a side effect which burns holes in the back of the retina. *Id*. In 2021 he was diagnosed with holes in the back of both retinas, but in 2024, he was told he did not have holes in his retinas. *Id*. at 4. It was then that he began the inmate grievance process which led to his discovery that he had been misdiagnosed with Lupus. *Id*. The Complaint presents a single claim for medical malpractice against Defendants Dr. Estock, Dr. Vo and the California Correctional Health Care Services, the medical provider for the California Department of Corrections and Rehabilitation. *Id*. at 2-3.

### C.    Discussion

Plaintiff cannot bring a medical malpractice claim in a 42 U.S.C. § 1983 action because § 1983 "creates a private right of action against individuals who, acting under color of state law, violate *federal* constitutional or statutory rights." *Devereaux*, 263 F.3d at 1074 (emphasis added); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

25cv3416-JES-LR

To the extent the Complaint can be construed as attempting to bring a federal constitutional claim, it fails to do so. The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment creates an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle*, 429 U.S. at 101-03. "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain." *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994). Deliberate indifference can also be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

The Complaint fails to state an Eighth Amendment claim because it alleges medical malpractice in the diagnosis of Plaintiff's condition. Allegations of inadequate medical treatment, medical malpractice, or even gross negligence in diagnosing a medical condition by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference), quoting *Estelle*, 429 U.S. at 106 (an inadvertent failure to provide medical care, negligence or malpractice do not state an Eighth Amendment claim). If Plaintiff wishes to proceed with an Eighth Amendment deliberate indifference

25cv3416-JES-LR

claim, he must set forth factual allegations which plausibly suggest a Defendant knew of and disregarded an excessive risk to his health and safety. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) ("A defendant must purposely ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."), overruled on other grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and the "mere possibility of misconduct" falls short of meeting this plausibility standard.)

The Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.[1] *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D.     Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

//

---

[1] The Court declines to exercise supplemental jurisdiction over a state law claim for medical malpractice because there are no federal claims in the Complaint over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."); 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction" where "the district court has dismissed all claims over which it has original jurisdiction."); *City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1008 (9th Cir. 2010) (district court acted within its discretion to decline supplemental jurisdiction over state law claims after dismissing all federal claims).

25cv3416-JES-LR

## III.    Conclusion and Orders

Accordingly, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2.    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $50.00 initial filing fee as well as the remaining $300.00 balance of the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). *The initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4.    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: March 17, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

8

25cv3416-JES-LR